PS-O

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JERMAINE COOK,

    Plaintiff,

  -v-

SUPERINTENDENT ARTUS, ACTING
SUPT. SUSAN KICKBUSH, SERGEANT
DUNBAR, CORRECTION OFFICER
VOSBURG, C.O. WEAVER and NURSE
ADMINISTRATOR MICHALEX,

    Defendants.

15-CV-0272A

ORDER



---

Plaintiff Jermaine Cook, an inmate housed at Elmira Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983. As directed, plaintiff has paid the filing fees necessary to begin this action.

The complaint has been reviewed by the Court with respect to the 28 U.S.C. §1915A criteria. Plaintiff alleges that when he was housed at Attica Correctional Facility he was assaulted by defendants, resulting in injury. Plaintiff also alleges that there was then a delay in providing him with medical treatment. Lastly, plaintiff also complains of disciplinary action taken against him as a result of the incident.

For the reasons discussed below, plaintiff may proceed with his use of force claim against defendants Dunbar, Vosburg and Weaver. Plaintiff's medical claim against defendant Marzec may go forward and the medical care claim against defendant Michalex is dismissed without prejudice. Plaintiff's due process claim against defendant Vosberg for writing a false misbehavior report is dismissed with prejudice and any remaining due process claims are dismissed without prejudice. As there are no

remaining claims pending against defendants Artus, Kickbush and Michalex, they are dismissed from this action. The Clerk of the Court is directed to add Marzec to the caption as a defendant.

## DISCUSSION

Section 1915A(a) of 28 U.S.C. requires the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Abbas v. Dixon,* 480 F.3d 636 (2d Cir. 2007).

In evaluating the complaint, the Court must accept as true all factual allegations and draw all inferences in plaintiff's favor. *See Larkin v. Savage,* 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp,* 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to be liberally construed, . . . , and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (internal quotation marks and citations omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed

in stating a claim.' " *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

Plaintiff's complaint is difficult to follow due to the manner in which information is provided. In addition to setting forth "facts," plaintiff sets out sections of the complaint that primarily discuss the law regarding topics including due process, civil right actions, pro-se litigants, excessive use of force, and deprivation of timely medical attention. The Court has reviewed the complaint as a whole to determine the legal claims plaintiff is bringing against the defendants. Additionally, the Court has reviewed the exhibits attached to the complaint and considered the information provided therein where applicable. *See* Fed.R.Civ.P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading . . . . A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")

<u>Use of Force</u>

Plaintiff alleges that on June 10, 2014 he was assaulted by corrections officers as he was exiting the room where a disciplinary hearing had taken place. He states that he suffered broken ribs as a result of the assault.

Plaintiff identifies three defendants who were present at some time during the alleged assault.[1] He states that defendant Vosburg was the "main assailant," and that defendants Weaver and Dunbar were also present and took action. The Court determines that the use of force claim may go forward against defendants Vosburg, Weaver and Dunbar.

Delay in Providing Medical Treatment

Plaintiff alleges that as a result of the June 10, 2014 alleged assault, he suffered "tremendous pain" in his head and rib cage. Further, plaintiff states that medical staff, identified as M. Marzec RN, made only a "superficial" examination that ignored his rib cage and head. Plaintiff further states that for days he complained about his "severe head and rib pain," and that he did not receive medical attention. Finally, 13 days after the alleged injury, plaintiff received x-rays that led to a diagnosis of two fractured ribs.

Plaintiff does not list M. Marzec RN in the caption as a defendant, or list Marzec in the list of defendants. Plaintiff does, however, refer to M. Marzec RN as a defendant in the body of the complaint. *See* Complaint (Docket No. 1), page 36, paragraph 69, and page 39, paragraph 7.

A prisoner's allegation that he experienced serious physical pain over an extended period of time can rise to the level of a sufficiently serious medical condition under the Eighth Amendment. *See Chance v. Armstrong*, 143 F.3d 698, 702-703 (2d Cir. 1998) (allegations of severe tooth pain for at least six months stated a claim for a sufficiently serious medical condition under the Eighth Amendment); *Hathaway v.*

---

[1] Plaintiff states that additional unidentified officers, not listed as defendants, were also involved in the assault. In the event that plaintiff intends to name additional defendants, he is advised that that the statute of limitations for actions filed under 42 U.S.C. § 1983 is three years, *Owens v. Okure*, 488 U.S. 235, 251 (1989) and he will need to identify any additional defendants through discovery and move to amend the caption to add them to this action within that time period.

*Coughlin*, 37 F.3d 63, 67 (2d Cir. 1994) (severe hip pain over an extended period was sufficiently serious condition.) The Court determines that the medical care claim may go forward at this time against Marzec and will direct the Clerk of the Court to add this defendant to the caption. *See* Fed.R.Civ.P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.")

Plaintiff also brings a medical claim against defendant Nurse Administrator Michalex. Plaintiff, however, does not provide any allegations to support this claim against Michalex. Plaintiff fails to indicate how defendant Michalex knew of his need for medical treatment and failed to act. It is possible that plaintiff has named defendant Michalex in an effort to allege supervisory liability. As discussed below, however, plaintiff has failed to provide facts to support a supervisory claim against defendant Michalex.

At this screening stage, plaintiff's medical claim against defendant Marzec may go forward. Plaintiff's medical claim against defendant Michalex is dismissed without prejudice.

Due Process Claim

Plaintiff alleges that he received a misbehavior report related to the June 10, 2014 incident based on false information. He further alleges that at the disciplinary hearing he was denied witnesses. Plaintiff received a hearing disposition of 270 days in the special housing unit ("SHU").

**False Misbehavior Report**

Plaintiff alleges that a misbehavior report based on false information was written against him by defendant Vosburg. F or purposes of this review, the Court accepts as

true plaintiff's allegations that the misbehavior report was inaccurate or deliberately falsified. *See Cooper v. Pate,* 378 U.S. 546 (1964) (directing the Court to accept as true all complaint allegations when it makes its preliminary screening of the complaint under 28 U.S.C. § 1915).

The filing of a false misbehavior report, standing alone, does not state a constitutional violation. An inmate does not have a constitutional right not to be the subject of a false report. *Freeman v. Rideout,* 808 F.2d 949, 951-53 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), *cert. denied,* 485 U.S. 982 (1988). A constitutional violation may, however, occur if plaintiff was not provided adequate due process in a disciplinary proceeding which is based upon a false misbehavior report. In that case, the claim is not based on the truth or falsity of the misbehavior report, but instead on the conduct of the hearing itself. *Freeman,* 808 F.2d at 953. To the extent that plaintiff is attempting to bring a due process claim against defendant Vosberg for writing a false misbehavior report, the claim is dismissed with prejudice for the reasons discussed above.

**Denial of Witnesses at Hearing**

Plaintiff is also alleging that his due process rights were violated by the denial of witness testimony at the hearing. Plaintiff does not name the Hearing Officer as a defendant in this action, so it is unclear who plaintiff is attempting to bring this claim against.[2] Plaintiff attaches to his complaint witness denial forms completed by the Hearing Officer. The forms indicate that the testimony of nine witnesses was denied,

---

[2] Plaintiff requests relief against "Defendant who was the hearing officer" on page 37 of the Complaint (Docket No.1), but the hearing officer is not identified or named as a defendant.

each for the reason that they were not present when the alleged conduct took place and therefore did not have relevant testimony. It is also noted on the witness denial forms for most witnesses that their testimony was denied because character evidence is not allowed. Plaintiff states in his complaint that he should have been allowed to call the witnesses because "[t]his witness would have provided testimony that would have contradicted (via personal knowledge) testimony that the plaintiff had for no reason [to] make an attempt to grab the officer's baton." Plaintiff's allegation is insufficient to allege a due process violation. It is unclear which witness, or witnesses, plaintiff may be referring to; whether any of the witnesses were eye witnesses to the assault; and if the witnesses were not eye witnesses, what the nature of their testimony would be.

It is well settled that an official may refuse to call witnesses as long as the refusal is justifiable. *See Wolff v. McDonnell*, 418 U.S. 539, 566-67(1974). Thus, "a prisoner's request for a witness can be denied on the basis of irrelevance or lack of necessity." *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 (2d Cir. 1991); *see Feliciano v. Selsky*, 205 F.3d 568, 570 (2d Cir. 2000) (a prison hearing officer has the discretion to keep disciplinary hearings within reasonable limits, and included in this discretion is the power to refuse to call witnesses whose testimony may be reasonably regarded as duplicative or non-probative); *Scott v. Kelly*, 962 F.2d 145, 146 (2d Cir. 1992) (an inmate may be denied a witness if the witness' testimony is redundant; reviewing court must defer to hearing officer absent abuse of discretion)). However, a due process issue may be alleged if the Hearing Officer fails to call a non-redundant witness who was present when the events took place and who could testify to that effect. *See Scott v. Coughlin*, 78 F.Supp.2d 299, 313 (S.D.N.Y. 2000). Plaintiff has not provided

sufficient information to allege a due process violation for the denial of witnesses and has also failed to identify a defendant against whom he is bringing this claim.

For the reasons discussed above, due process claims related to filing a false misbehavior report are dismissed with prejudice. The remaining due process claims are dismissed without prejudice.

<u>Supervisory Liability</u>

Plaintiff names the following individuals as defendants who are supervisory staff: Superintendent Artus; Acting Supt. Susan Kickbush; and Nurse Administrator Michalex. Plaintiff has provided no facts pertaining to these defendants. Instead, plaintiff has simply named these individuals in the section of the complaint where he is requesting relief and uses conclusory language stating a constitutional violation has taken place. In the absence of factual allegations, claims may not proceed against these individuals.

A prerequisite for liability under a § 1983 claim is "personal involvement" by the defendant in the alleged constitutional deprivation. *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998). The Second Circuit has held that

> [t]he personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). A conclusory allegation of a constitutional violation,

without more, fails to state a claim upon which relief may be granted. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (citations omitted) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.").

Defendants Artus, Kickbush and Michalex are dismissed from this action, as plaintiff has not alleged claims against them.

## CONCLUSION

Plaintiff has paid the fees for bringing this action. For the reasons discussed above, plaintiff may proceed with a use of force claim against defendants Dunbar, Vosburg and Weaver. Plaintiff's medical claim against defendant Marzec may go forward and the medical care claim against defendant Michalex is dismissed without prejudice. Plaintiff's due process claim against defendant Vosberg for writing a false misbehavior report is dismissed with prejudice and the remaining due process claims are dismissed without prejudice. As there are no remaining claims pending against defendants Artus, Kickbush and Michalex, they are dismissed from this action. The Clerk is directed to add defendant Marzec to this action.

## ORDER

IT HEREBY IS ORDERED, that plaintiff may proceed with a use of force claim against defendants Dunbar, Vosburg and Weaver;

FURTHER, that plaintiff's medical claim against defendant Marzec may go forward and the medical care claim against defendant Michalex is dismissed without prejudice[3];

FURTHER, that plaintiff's due process claim against defendant Vosberg for writing a false misbehavior report is dismissed with prejudice and remaining due process claims are dismissed without prejudice;

FURTHER, that there are no remaining claims against defendants Superintendent Artus, Acting Supt. Susan Kickbush and Nurse Administrator Michalex and they are dismissed from this action;

FURTHER, that the Clerk of the Court is directed to add M. Marzec RN, to the caption as a defendant in this matter;

FURTHER, that the Clerk of the Court is directed to issue the summonses for service of the Complaint and this Order upon defendants Dunbar, Vosburg, Weaver and Marzec and to send the summonses to the plaintiff to effectuate service on defendants;

FURTHER, that the Clerk of the Court is directed to send to plaintiff an Application for an Order Directing Service by the U.S. Marshal for plaintiff to complete and submit to the Clerk of the Court if he wants to request service by the U.S. Marshal as explained in the application;

---

[3] Should plaintiff pursue one or more of the claims dismissed without prejudice by the Court, he must file an amended complaint. An amended complaint, which supercedes and replaces the original complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction. Any amended complaint filed by plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, and will be subject to review by the Court pursuant to 28 U.S.C. § 1915A.

FURTHER, the Clerk of the Court is also directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office Michael.Russo@ag.ny.gov; and

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

_____
Richard J. Arcara
United States District Judge

DATED: Aug. 26, 2016
~~Rochester, NY~~